PETRICK *vs.* ASHCROFT and wife and others.

1. Where a wife is made a party defendant with her husband to a bill for relief, the husband and the party seeking relief are both incompetent witnesses.

2. To take a case out of the statute of frauds, on the ground of part performance, the agreement must be clearly and definitely proved.

This cause was heard on the pleadings and proofs.

*Mr. Weart,* for complainant.

*Mr. Ransom,* for defendants.

THE CHANCELLOR.

The bill, in this case, asks for the specific performance of a contract to convey lands. It states that the defendant, Ashcroft, and his wife, agreed to convey a lot of land, in Hudson county, to the complainant, who is Ashcroft's son-in-law. Ashcroft and his wife, in their answer, explicitly deny any such agreement, but state that the agreement was to give complainant consent to build on the lots, and that he might occupy them as long as he lived, if he would pay for the building himself, and pay all insurance, premiums, taxes, and assessments. Complainant built a house upon the lots, but called on Ashcroft to mortgage the property for part of the money to pay for the building; and he has not paid all the insurance premiums, or the assessments on the lot. Ashcroft sold the lands to the defendant, Buckler, who purchased for the defendant, Hexamer, to whom the property was conveyed by him, between the times of filing the bill and answer.

The wife of Ashcroft being a party to the bill, against whom relief is sought, is an incompetent witness for her husband. This clearly makes both Petrick and Ashcroft also incompetent witnesses; and the depositions of both, being objected to, must be rejected as evidence. Then, as the case

stands, the contract on which the relief is sought, being denied by the responsive answer of Ashcroft and his wife, who are both alleged to have made it, must be proved by the testimony of two witnesses, or evidence equal to that.

There is no proof of a contract by any witness who professes to have heard it, or to have been present at the making of it. The only evidence is that of Conrad Woerner, who built the house for Petrick. He says that at the time he agreed with Petrick to build the house, Ashcroft told him, the witness, in Petrick's presence, that he would give Petrick that lot, if he would put that house on it. This statement was made in answer to a question put by the witness, who desired to know the state of the title before he built the house upon it. Ashcroft also told this witness when he was building the house, at a time when Petrick was not present, that he would give Petrick a deed, as soon as the house was finished.

On the question as between the agreement stated in the bill and that set up in the answer, this testimony would not be very decisive, were it sufficient; it is almost as consistent with the statement in the answer, as with the contract set forth in the bill. But it is insufficient. The law requires clearly, more than one witness in a case like this. The conversation testified to by Kullman in the lager beer saloon, where Ashcroft was badgered by Petrick's fellow-workman to make further advances for his worthy son-in-law, cannot be tortured into an admission that he had agreed to convey the lot to him in fee, or anything more than that he had given him the right to build on this lot.

To take a case out of the wholesome provisions of the statute of frauds, on the ground of part performance, the agreement must be clearly and definitely proved. The relief sought by specific performance must be denied.

The defendant, Ashcroft, in his answer, consents to account, and to repay to the complainant any excess there may be of the amount expended by him for building, under the agreement admitted by the answer, above the amounts due to

him from complainant for loans and advances. It is equitable and just that he should so account. Let it be referred to a master, to take such account between the complainant and Ashcroft. The bill must be dismissed as against the other defendants.